UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DONALD T. W.,

                Plaintiff,

v.                                                                                                  1:20-CV-1238
                                                                                                    (WBC)
COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| LAW OFFICES OF KENNETH HILLER, PLLC<br>  Counsel for Plaintiff<br>6000 North Bailey Ave, Ste. 1A<br>Amherst, NY 14226 | KENNETH HILLER, ESQ.<br>MELISSA KUBIAK, ESQ. |
| U.S. SOCIAL SECURITY ADMIN.<br>OFFICE OF REG'L GEN. COUNSEL – REGION II<br>  Counsel for Defendant<br>26 Federal Plaza – Room 3904<br>New York, NY 10278 | HEETANO SHAMSOONDAR,<br>  ESQ. |

William B. Mitchell Carter, U.S. Magistrate Judge,

## MEMORANDUM-DECISION and ORDER

      The parties consented, in accordance with a Standing Order, to proceed before the undersigned. (Dkt. No. 13.) The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons discussed below, Plaintiff's motion is granted to the extent he seeks remand for further proceedings, and the Commissioner's motion is denied.

I.      RELEVANT BACKGROUND

    A.      Factual Background

Plaintiff was born in 1962. (T. 107.) He completed the 9th grade. (T. 212.) Generally, Plaintiff's alleged disability consists of high blood pressure, bulging disc in back, type 2 diabetes, high cholesterol, carpal tunnel syndrome, and "blocked artery in left leg." (T. 211.) His alleged disability onset date is December 27, 2013. (T. 107.) His date last insured is June 30, 2014. (*Id.*) His past relevant work consists of canvas worker. (T. 28, 212.)

    B.      Procedural History

On July 19, 2017, Plaintiff applied for a period of Disability Insurance Benefits ("SSD") under Title II of the Social Security Act. (T. 107.) Plaintiff's application was initially denied, after which he timely requested a hearing before an Administrative Law Judge ("the ALJ"). On August 27, 2019, Plaintiff appeared before the ALJ, Benjamin Chaykin. (T. 35-57.) On September 5, 2019, ALJ Chaykin issued a written decision finding Plaintiff not disabled under the Social Security Act. (T. 20-34.) On July 9, 2020, the AC denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. (T. 1-5.) Thereafter, Plaintiff timely sought judicial review in this Court.

    C.      The ALJ's Decision

Generally, in his decision, the ALJ made the following five findings of fact and conclusions of law. (T. 25-30.) First, the ALJ found Plaintiff met the insured status requirements through June 30, 2014 and Plaintiff had not engaged in substantial gainful activity since December 27, 2013. (T. 25.) Second, the ALJ found Plaintiff had the

severe impairments of: spine disorder and peripheral vascular disease. (*Id*.) Third, the ALJ found Plaintiff did not have an impairment that meets or medically equals one of the listed impairments located in 20 C.F.R. Part 404, Subpart P, Appendix. 1. (T. 26.) Fourth, the ALJ found Plaintiff had the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 404.1567(b) except: Plaintiff can frequently climb ropes, scaffolds, or ladders; frequently climb ramps or stairs; frequently stoop, crouch, balance, kneel or crawl; and frequently push and pull with the lower extremities. (T. 26.)[1] Fifth, the ALJ determined Plaintiff unable to perform his past relevant work; however, there were jobs that existed in significant numbers in the national economy Plaintiff could perform. (T. 28-30.)

## II.     THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A. Plaintiff's Arguments

Plaintiff makes three separate arguments in support of his motion for judgment on the pleadings. First, Plaintiff argues the ALJ failed to properly develop the record when he failed to obtain a retrospective medical opinion relating to the relevant period from one of Plaintiff's treating sources or obtain testimony from a medical expert related to the relevant time period. (Dkt. No. 9 at 10-13.) Second, Plaintiff argues given the lack of any opinion evidence relating to the relevant period the ALJ impermissibly based the RFC finding on his own lay interpretation of the medical evidence. (*Id*. at 13-15.)

---

[1] Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time. 20 C.F.R. § 404.1567(b).

Third, and lastly, Plaintiff argues the ALJ erred when he found that carpal tunnel syndrome was not a medically determinable impairment at step two, and further erred when he failed to account for the limitations related to Plaintiff's carpal tunnel syndrome in the RFC finding.  (*Id*. at 15-18.)  Plaintiff also filed a reply in which he deemed no reply necessary.  (Dkt. No. 12.)

      **B.**      **Defendant's Arguments**

In response, Defendant makes two arguments.  First, Defendant argues the ALJ fulfilled his affirmative duty in developing Plaintiff's complete medical history, enabling the ALJ to make an informed decision.  (Dkt. No. 11 at 9-16.)  Second, and lastly, Defendant argues the ALJ reasonably assessed Plaintiff's carpal tunnel syndrome.  (*Id*. at 16-22.)

**III.**      **RELEVANT LEGAL STANDARD**

      **A.**      **Standard of Review**

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled.  *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs*., 906 F.2d 856, 860 (2d Cir. 1990).  Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence.  *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct

legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

## A.  Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. *See* 20 C.F.R. §

404.1520.  The Supreme Court has recognized the validity of this sequential evaluation process.  *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987).  The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

## IV. ANALYSIS

### A. RFC

Plaintiff argues the ALJ failed to obtain a medical opinion relating to Plaintiff's limitations during the relevant time period and therefore "the complete lack of functional assessments from any medical source makes it wholly apparent that the ALJ impermissibly based the RFC on his own lay judgment." (Dkt. No. 9 at 10-14.)  For the reasons outlined below, remand is necessary for a proper RFC determination.

The RFC is an assessment of "the most [Plaintiff] can still do despite [his] limitations."  20 C.F.R. § 404.1545(a)(1).  The ALJ is responsible for assessing Plaintiff's residual functional capacity.  *Id*. § 404.1546.  Although the ALJ has the responsibility to determine the RFC based on all the evidence in the record, the burden is on Plaintiff to demonstrate functional limitations that preclude any substantial gainful activity.  *Id*. §§ 404.1512(c), 404.1527(e)(2), 404.1545(a), 404.1546(c).

As an initial matter, the relevant time period in question is very narrow, only six months.  Plaintiff's alleged onset date is December 27, 2013, one day after a prior unfavorable hearing decision.  (T. 85.)  Plaintiff's date last insured is June 30, 2014.  (T. 25.)  Although Plaintiff was subsequently found disabled in a separate application for Supplemental Security Benefits ("SSI") under Title XVI of the Act, subsequent finding of disability is not relevant to the plaintiff's condition during the time period.  (T. 27); *see Caron v. Colvin*, 600 F. App'x 43 (2d Cir. 2015).  Therefore, the relevant time period is December 27, 2013 through June 30, 2014.  Plaintiff must show he became disabled prior to the date last insured.  *DePriest v. Comm'r of Soc. Sec.*, 448 F. Supp. 3d 279, 285 (W.D.N.Y. 2020).

Although the record contains treatment notations during the relevant time period, there are no medical source statements regarding Plaintiff's ability to perform work related functions.  Contrary to Plaintiff's assertion, an ALJ's RFC determination is not fatally flawed merely because it was formulated absent a medical opinion.  The Second Circuit has held that where, "the record contains sufficient evidence from which an ALJ can assess the [plaintiff's] residual functional capacity, a medical source statement or formal medical opinion is not necessarily required."  *Monroe v. Comm'r of Soc. Sec.*, 676 F. App'x 5, 8 (2d Cir. 2017) (internal quotations and citation omitted).  In the context of retrospective opinions, the Second Circuit reiterated that an ALJ is not required to obtain a retrospective medical opinion where the ALJ has "a complete medical history" and where a plaintiff shows no evidence "that retrospective assessments would have revealed any useful information or that the physicians were prepared to undertake such assessments."  *Stone v. Comm'r of Soc. Sec. Admin.*, 767 F. App'x 207, 208 (2d Cir.

2019).  Therefore, Plaintiff's argument, the ALJ committed legal error in failing to obtain a retroactive opinion from a medical source, fails.

However, this Court cannot say that the ALJ's RFC determination for light work was supported by substantial evidence in the record.  Remand is necessary because the ALJ failed to assess Plaintiff's "capacity to perform relevant functions, despite contradictory evidence in the record" and the "ALJ's analysis frustrate[s] meaningful review."  *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013).  Treatment notes from Plaintiff's medical providers repeatedly demonstrate physical limitations that are not reflected in the RFC assessed by the ALJ.  *Dean C. v. Comm'r of Soc. Sec.,* No. 1:19-CV-1165, 2021 WL 1558401, at *7 (W.D.N.Y. Apr. 21, 2021).

The ALJ concluded Plaintiff could perform light work with additional non-exertional limitations.  (T. 26.)  To be sure, consistent with light work, Plaintiff testified he could lift "about 20 pounds."  (T. 45.)  However, light work also requires "a good deal of walking or standing."  SSR 83-10.  Treatment records from the relevant time period consistently noted pain in both legs with ambulation and when elevated at night.  (T. 441, 443, 445, 446, 448.)  Although the ALJ considered these treatment notations and specifically noted the June 2014 complaint of pain in both calves with ambulation, it is unclear how the ALJ supported his RFC determination based on the record before him.  In addition, Plaintiff testified that during the relevant time period he could only stand or walk for half-an-hour to 45 minutes before needing to sit.  (T. 45.)  Therefore, remand is necessary for a proper evaluation of Plaintiff's physical abilities, the determination of which may be facilitated by a retroactive opinion.

**B.  Step Two**

Plaintiff also argues the ALJ failed to find his carpal tunnel syndrome a severe impairment during the relevant time period.  (Dkt. No. 9 at 15-17.)  Here, the ALJ's step two determination was proper and supported by substantial evidence.

As a general matter, at step two of the sequential analysis, the ALJ is required to determine whether an impairment or combination of impairments that has lasted or is expected to last for a continuous period of at least 12 months limits a plaintiff's physical or mental ability to perform basic work activities.  *See* 20 C.F.R. § 404.1509.  Plaintiff bears the burden of presenting evidence establishing severity.  *Smith v. Comm'r of Soc. Sec.*, 351 F. Supp. 3d 270, 276 (W.D.N.Y. 2018) (quoting *Taylor v. Astrue*, 32 F. Supp. 3d 253, 265 (N.D.N.Y. 2012)); *see also* 20 C.F.R. § 404.1512(a).  Therefore, a non-severe impairment does not impede the ability to perform the basic demands of work; however, in formulating an RFC determination, the ALJ must consider both severe and non-severe impairments.

At step two the ALJ concluded Plaintiff's carpal tunnel syndrome was non-severe.  (T. 26.)  The ALJ noted in his step two analysis that treatment records dated prior to the alleged onset date contained notations of carpal tunnel syndrome.  (T. 25.)  In June 2017, three years after his date last insured, a provider noted "hand pain" and referred Plaintiff for an evaluation.  (T. 280.)  Electrodiagnostic testing in July 2017 showed evidence for a right and left median nerve neuropathy at the wrist "which can be consistent with" carpal tunnel syndrome.  (T. 372.)  The ALJ further noted that during the relevant time period Plaintiff made no complaints regarding his carpal tunnel syndrome and there were no objective findings relating to the diagnosis.  (T. 25-26, 27); *see Barry*, 606 F. App'x at 622.  Therefore, the ALJ reasonably assessed Plaintiff's CTS

as non-severe at step two.  See 20 C.F.R. § 404.1522(a)-(b)(1); *Wright v. Comm'r of Soc. Sec.*, No. 1:18-CV-1208, 2019 WL 5618470, at *4-5 (W.D.N.Y. Oct. 31, 2019) (upholding a finding that the claimant's mental impairments were non-severe prior to a date last insured because "[t]reatment records during the relevant time period did not contain treatment for mental health impairments nor did the record during the relevant time period contain complaints of mental health symptoms").  Plaintiff made no mention of carpal tunnel symptoms during the relevant treatment period, the ALJ reasonably inferred that this impairment did not "significantly limit[] [his] ability to perform basic work activities" during the relevant period. 20 C.F.R. § 404.1522(a); *see Navan*, 303 F. App'x at 20; *Barry v. Colvin*, 606 F. App'x 621, 622 (2d Cir. 2015) ("A lack of supporting evidence on a matter for which the claimant bears the burden of proof, particularly when coupled with other inconsistent record evidence, can constitute substantial evidence supporting a denial of benefits.").  Therefore, the ALJ's determination that Plaintiff's carpal tunnel syndrome was non-severe at step two was proper and supported by substantial evidence.

Overall, remand is necessary for a proper analysis of Plaintiff's ability to perform the walking and standing requirements of light work during the relevant time period.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 9) is **GRANTED IN PART**; and it is further

**ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 11) is **DENIED**; and it is further

**ORDERED** that this matter is **REMANDED** to Defendant, pursuant to 42 U.S.C. § 405(g), for further proceedings consistent with this Decision and Order.

Dated:     December 14, 2021

_____
William B. Mitchell Carter
U.S. Magistrate Judge